# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00694-CR

**Jimmy Jay Jensen, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
## NO. 05-1310-K277, THE HONORABLE KEN ANDERSON, JUDGE PRESIDING

## ORDER FOR CLERK TO PROVIDE APPELLATE RECORD TO APPELLANT

**PER CURIAM**

Appellant Jimmy Jay Jensen was convicted of five counts of aggravated sexual assault of a child and two counts of indecency with a child by contact in 2006. Jensen was sentenced to life imprisonment for each of the aggravated sexual assaults and to twenty years' imprisonment for each of the indecency counts. In 2007, Jensen's counsel filed an *Anders* brief, and this Court issued an opinion affirming appellant's conviction. *Jensen v. State*, No. 03-06-00694-CR, 2007 WL 1573952, at *1 (Tex. App.—Austin, May 31, 2007) (mem. op., not designated for publication). In our opinion, we noted that Jensen had received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief, but that no pro se brief had been filed. *Id.*

Jensen later applied to the Texas Court of Criminal Appeals for a writ of habeas corpus. In May 2018, the court of criminal appeals issued an opinion concluding that appellant

is entitled to the opportunity to file an out-of-time pro se response brief. *Ex parte Jensen*, WR-69,319-04, 2018 WL 2126571, at *1 (Tex. Crim. App. May 9, 2018). The court's conclusion was based on the trial court's determination that appellant had in fact requested access to the record for the purpose of filing a pro se response brief, but there is no indication that he was ever provided with such access. *Id.* Accordingly, the court ordered that appellant is "returned to that time at which he may review the record and prepare a *pro se* response to counsel's *Anders* brief." *Id.*

The court of criminal appeals further ordered that "*[w]ithin ten days* of the issuance of this opinion, the trial court shall provide [Jensen] with access to his trial records for the purpose of filing a *pro se* response brief." *Id.* (emphasis added). Jensen has now filed a motion with this Court informing us that at a hearing in Williamson County District Court on May 29, 2018, he asked for the record, but his request was denied. We have been informed by the trial-court clerk's office that, to date, Jensen has not been provided with the record.

Accordingly, **we hereby direct the clerk of the trial court** to provide a copy of the reporter's record and clerk's record to Jensen, and to provide written verification to this Court of the date and manner in which the appellate record was provided, **on or before July 16, 2018**. *See id.*

It is ordered on **July 6, 2018**.

Before Chief Justice Rose, Justices Pemberton and Field

Do Not Publish